UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABN AMRO MORTGAGE GROUP, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 1803 |
| | ) | |
| SAMUEL PARKS and ELLA F. ALEXANDER | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

In October 2004, plaintiff ABN AMRO Mortgage Group, Inc. ("ABN AMRO") filed a breach of contract claim against defendants Samuel Parks and Ella F. Alexander in the Circuit Court of Cook County, Illinois. The complaint stemmed from defendants' alleged breach of a settlement agreement pertaining to previously pending litigation between the parties in the United States District Court for the Northern District of Illinois. Defendants thereafter filed a notice of removal, bringing this case before us. Presently before us is plaintiff's motion to remand the case back to the Circuit Court of Cook County. For the reasons set forth below, we grant plaintiff's motion to remand.

### BACKGROUND

In 2002, defendant Parks filed suit in the Northern District of Illinois against, *inter alia*, ABN AMRO. The gist of Parks' complaint was that ABN AMRO and other defendants had violated his federal statutory rights in the process of trying to collect upon Parks' mortgage obligations. The parties purportedly reached a settlement of this federal action in July 2003. As a result, on July 23, 2003, Judge Coar, the presiding judge, entered an order dismissing the case in its entirety with leave to reinstate by August 4, 2003. *Parks v. Fannie Mae*, No. 02-2708 (N.D. Ill. July 23, 2003). Parks filed a motion for reinstatement on August 4, 2003, but he noticed the motion for a date on which Judge Coar was not

sitting. After Parks subsequently failed to re-notice the motion, Judge Coar entered an order striking the motion for reinstatement. *Id*. (N.D. Ill. Oct. 16, 2003). This conclusively terminated the case. The current litigation relates to defendants' alleged failure to follow the terms of the settlement agreement reached in the earlier case before Judge Coar.

## ANALYSIS

A defendant may remove a case from state court to federal court by filing in federal district court a notice of removal with a statement of the grounds for removal. 28 U.S.C. § 1446(a). However, a defendant must file the notice of removal within thirty days after receipt, through service or otherwise, of the initial pleading. 28 U.S.C. § 1446(b). Here, the parties dispute when service of the complaint occurred. Plaintiff contends that service occurred on December 1, 2004, while defendants claim that it was not until December 29, 2004. This dispute is irrelevant, however, because the notice of removal was not filed until March 30, 2005. Whether service was effected on December 1, 2004 or December 29, 2004, the notice of removal was clearly filed more than thirty days after defendant received the complaint and is therefore untimely. For this reason, we grant plaintiff's motion to remand.

Moreover, even if defendants had filed the notice of removal in a timely fashion, we would still remand the case because we lack subject matter jurisdiction. This case stems from defendants' alleged breach of the settlement agreement reached in the prior federal action. No federal question is presented by the complaint, but defendants seem to argue that our jurisdiction is founded upon the earlier federal action before Judge Coar. However, Judge Coar dismissed that case without retaining jurisdiction to enforce the settlement agreement. *Parks*, No. 02-2708 (N.D. Ill. July 23, 2003). Defendants also seem to suggest that we have subject matter jurisdiction based on the counterclaims that they assert in the present case. These counterclaims closely mirror the original claims that defendants presented in the case before Judge Coar. The Seventh Circuit has made clear, however, that a defendant may not remove a

2

case to federal court on the sole basis of his counterclaims. *Adkins v. Illinois Cent. R.R. Co.*, 326 F.3d 828, 835-36 (7th Cir. 2003); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §3731 at 253-54 (3d ed. 1998) ("[D]efendants may remove only on the basis of claims brought *against* them and not on the basis of counterclaims, cross-claims, or defenses asserted *by* them.") (emphasis in original). Accordingly, we order this case remanded to the Circuit Court of Cook County, Illinois.

Plaintiff also seeks an order compelling defendants to pay its costs, including attorney fees, incurred as a result of defendants' improper removal. 28 U.S.C. § 1447 provides that a remand order may require payment of such costs, but a district court has broad discretion in deciding whether this is appropriate, *Sirotzky v. New York Stock Exch.*, 347 F.3d 985, 987 (7th Cir. 2003). We decline to award costs and fees to plaintiffs. Although the removal was improper, given the prior related case before Judge Coar and the defendants' pro se status, it is certainly understandable why the defendants believed that removal was available. Plaintiff's requests for costs and fees is denied.

## CONCLUSION

For the foregoing reasons, we grant plaintiff's motion to remand. This case is remanded to the Circuit Court of Cook County, Illinois. Plaintiff's motion for costs and fees is denied. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 6/22/05